Filed 8/4/21  P. v. Lopez CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G059828 |
| v. | (Super. Ct. No. 04CF2780) |
| FRANCISCO JOSE LOPEZ, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Richard M. King, Judge.  Affirmed.

Rex Adam Williams, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*          \*          \*

## 1.  Introduction

Francisco Jose Lopez (defendant) appealed from an order denying his petition for resentencing pursuant to Penal Code section 1170.95 (further code references are to the Penal Code).  His appointed counsel filed a brief pursuant to *People v. Wende*

(1979) 25 Cal.3d 436 (*Wende*), setting forth the facts of the case and requesting that we review the entire record. Pursuant to *Anders v. California* (1967) 386 U.S. 738 (*Anders*), appointed counsel identified two issues to assist us in conducting our independent review. Defendant was granted 30 days to file written arguments in his own behalf. He has not filed a supplemental brief.

We have reviewed counsel's brief and have examined the record in accordance with our obligations under *Wende* and *Anders*. We find no reasonably arguable issues on appeal, and neither issue suggested by counsel has merit. We therefore affirm. (*Wende*, *supra*, 25 Cal.3d 436.)

**2. Facts**

The facts are set forth in a prior opinion, *People v. Lopez* (Apr. 20, 2010, G040350) [nonpub. opn.]:

"[Defendant and Jesus Lopez], both members of a territorial criminal street gang named F Troop, plus three other F Troop members and an individual who belonged to an affiliated street gang, met at a park in the gang's territory. [Defendant] displayed a handgun and told the others 'we have a gun . . . if something happens.' The group left the park riding bicycles, followed by a truck carrying several other people.

"Initially the group traveled to the home of a fellow F Troop gang member. They then went to an intersection located either in or on the border of an area claimed by a rival street gang named West Myrtle. An eyewitness testified 'a minimum of 50' people 'on bicycles' and 'walking' were around the intersection at the time.

"Observing a car driven by [Pedro Javier] Rosario wearing a muscle T-shirt and sporting tattoos, the bicyclists hailed him and surrounded his car when it stopped at a stop sign. Both defendants approached the driver's side window and, while straddling his bicycle, [defendant] asked, 'Where [are you] from.' Rosario said something and slowly began to drive away. [Defendant] pulled out the handgun, aimed at the vehicle, and, after a couple of seconds, fired the weapon. The bullet shattered the vehicle's back window

and struck Rosario in the back of the head, killing him.  The bicyclists and truck fled the scene."

## 3.  Procedural History

A jury found defendant guilty of first degree murder for the killing of Rosario (count 1; § 187, subd. (a)) and street terrorism (count 2; § 186.22, subd. (a)).  On count 1 the jury found true one special circumstance and two sentencing enhancement allegations:  (1) A principal discharged a firearm proximately causing death (§ 12022.53, subds. (d) & (e)(1)); (2) the crime was committed for the benefit of or in association with a criminal street gang (§ 186.22, subd. (b)(1)); and (3) defendant committed the murder to further the activities of a criminal street gang (§ 190.2, subd. (a)(22)).  (*People v. Lopez, supra*, G040350.)

The trial court sentenced defendant to a prison term of 50 years to life without the possibility of parole on count 1 and the firearm enhancement, stayed the punishment for the criminal street gang enhancement, and imposed a two-year concurrent term for street terrorism.  (*People v. Lopez, supra*, G040350.)

In *People v. Lopez, supra*, G040350, this court modified the judgment to make defendant's sentence on count 1 life without the possibility of parole and affirmed the judgment as modified.

In May 2019, defendant filed a petition for resentencing pursuant to section 1170.95.  On the petition, he checked the box to allege that he had been convicted of first or second degree murder pursuant the felony murder rule or the natural and probable consequences doctrine.  In June 2019, the trial court appointed counsel for defendant.

The district attorney's office and defendant each filed a response addressing whether Senate Bill No. 1437 (Stats. 2018, ch. 1015, §§ 2-4), which enacted section 1170.95, is constitutional.  The district attorney's office filed a second response addressing the merits of defendant's section 1170.95 petition.

On December 4, 2020, the trial court denied the petition. Based on the jury's true finding on the special circumstance allegation under section 190.2, subdivision (a)(22), the court found, "by proof beyond a reasonable doubt that the defendant harbored an intent to kill at the time of the commission of the crime."

## 4. Discussion

We have examined the record in accordance with our obligations under *Wende* and *Anders*, and we find no arguable issues on appeal. Defendant himself has not filed a supplemental brief raising any issues for our review. (*People v. Kelly* (2006) 40 Cal.4th 106, 110, 120, 124.)

Defendant's counsel has identified two potential issues: (1) "Did substantial evidence support the court's determination appellant was not entitled to relief pursuant to section 1170.95?" and (2) "Did the court apply the correct standard to determine if appellant was entitled to relief pursuant to section 1170.95?" Neither issue has merit. (See *People v. Lewis* (July 26, 2021, S260598) __ Cal.5th __ [2021 Cal. Lexis 5258].)

## 5. Disposition

The order denying defendant's petition under section 1170.95 is affirmed.

FYBEL, J.

WE CONCUR:

O'LEARY, P. J.

THOMPSON, J.

4